IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02615-MSK

MAX JOSEPH LESER,

  Petitioner,

v.

ALENA BERRIDGE f/k/a ALENA LESEROVA,

  Respondent,

and concerning minor children,

MAXINE LESEROVA and OSKAR LESER.

---

**ORDER FOR RETURN OF CHILDREN**

---

  This matter is before the Court upon a Petition brought pursuant to the provisions of The Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 Oct 1980 ("Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. 11601, *et seq*. Petitioner sought an order returning the children to their place of habitual residence in the Czech Republic for determination of custody between himself and the Respondent.

  The Convention, implemented in the United States through ICARA, seeks to deter parents from abducting their children to another country to obtain a more favorable custodial ruling, essentially a ban on forum shopping for custody issues. *See Navani v. Shahani*, 496 F.3d

1121, 1124 (10th Cir. 2007).  The purpose of a Convention and ICARA determination is to ensure that the home country makes the custody determination whenever possible.  *See de Silva v. Pitts*, 481 F.3d 1279, 1286 (10th Cir. 2007).  It accomplishes this goal by establishing a mechanism by which countries can promptly return children who have been wrongfully removed from, or retained in, a country back to the home country for determination of custody and parenting issues.  *See Navani*, 496 F.3d at 1124.  Thus, in an ICARA action, a court determines which court, either a state court in the United States or a court in the home country, will resolve such issues.

In this case, the parties appeared for an evidentiary hearing on January 26, 2011.  At the hearing, the parties agreed that the Czech Republic court presiding over the parties' domestic issues has jurisdiction to determine all custody and parenting issues regarding the minor children.  The Czech court has set a hearing on March 24, 2011 to address such issues, including the Respondent's removal of the children to the United States.  Such court has also issued summons that require the children to appear.  The Respondent represents that the children will be present for the hearing, and that she intends to appear if her U.S. visa status is not adversely impacted. Given the parties' stipulation, there is no disputed issue for this Court to determine.

Accordingly, pursuant to the authority of the Court under 42 U.S.C. 11603(a), **IT IS ORDERED** that

    (1)    The Petition **(#1)** is **GRANTED**.

    (2)    Respondent Alena Berridge f/k/a Alena Leserova shall return the minor children, Maxine Leserova and Oskar Leser, to the jurisdiction of the Czech Republic within such time as is necessary to participate in the Czech court's hearing on

    **March 24, 2011**.  The children shall remain within the jurisdiction of such court until directed or authorized otherwise by such court.  The return of the children shall be expeditiously reported to the appropriate Central Authority.

(3) Pursuant to 42 U.S.C. § 11607(b)(3), the Respondent shall pay the transportation costs related to the return of the children to the Czech Republic.

(4) All pending motions in this case **(#22, 23, 61, 66, 70)** are **DEEMED MOOT**.

(5) The Clerk of Court shall close this case.

Dated this 3rd day of February, 2011

          **BY THE COURT:**

          *Marcia S. Krieger*
          _____

          Marcia S. Krieger
          United States District Judge