IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02615-MSK-MEH

MAX JOSEPH LESER,

       Petitioner,

v.

ALENA BERRIDGE, f/k/a ALENA LESEROVA

       Respondent,

and concerning minor children,

MAXINE LESEROVA and OSKAR LESER.

## ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES

**THIS MATTER** comes before Petitioner Max Joseph Leser's Court on the Corrected Motion for Attorney's Fees (#**86**), to which Respondent Alena Berridge responded (#**89**) and Mr. Leser replied (#**90**), as well as Mr. Leser's Verified Motion for Entry of Judgment (#**83**), to which Ms. Berridge responded (#**87**) and Mr. Leser replied (#**88**) . Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

This case arises from Mr. Leser's Petition brought pursuant to the provisions of The Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 Oct 1980 ("Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. 11601, *et seq*. Mr. Leser sought an order returning the children to their place of habitual residence in the Czech Republic for determination of custody between himself and Ms. Berridge.

Upon review of the Petition and argument received at a hearing with the parties, the Court granted the Petition and ordered Ms. Berridge to return the children to the jurisdiction of the Czech Republic for custody proceedings there.

Thereafter, Ms. Berridge filed a Motion to Stay Pending Appeal (#**73**), which the Court denied as moot after the Court of Appeals for the Tenth Circuit denied a similar motion. Mr. Leser now seeks attorney fees incurred in responding to the Motion to Stay, relying on the following provision of the ICARA:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). Mr. Leser does not seek attorney fees for all costs and fees incurred in this action, only for those incurred as a result of the filing of the Motion to Stay.

In response, Ms. Berridge argues that no attorney fee award can be made while the appeal is still pending. No authority is cited for this proposition, however. In fact, it is well-established that even when a case is on appeal the district court nonetheless retains jurisdiction to address collateral matters, such as attorney fees. *Lancaster v. Independent School Dist. No. 5,* 149 F.3d 1228, 1237 (10th Cir. 1998). Ms. Berridge also argues that a hearing is required in order to determine the reasonableness of the fees charged. Again, no authority is provided for this assertion. The Court concludes that the affidavit and materials provided are sufficient to evaluate the reasonableness of the fee request and a hearing is unnecessary.

Mr. Leser seeks $2,268.00 in fees, representing $1893.00 for the Response to the Motion

for Stay and $375.00 for preparing the Motion for Attorney's Fees and related affidavit. The Motion for Attorney's Fees is supported by an affidavit and contemporaneous time records from counsel. The Court has reviewed these documents, which concern the fees incurred in filing the Response to the Motion to Stay. The rates charged are reasonable. In addition, the amount of time incurred on the Response brief is also reasonable. The Motion to Stay involved an analysis of the Respondent's likelihood of success on the merits, which involved complicated issues of international law and jurisdiction, as well as a review of the extended procedural history of the dispute in the Czech court and here. Respondent provides no argument or contrary evidence to support her assertion that the fees are unreasonable, but simply contends that the amount charged "seems seriously unreasonable." This is insufficient to undermine Mr. Leser's showing regarding the reasonableness of the fees incurred in responding to the Motion to Stay. These fees, therefore, are awarded. However, there is no affidavit or billing record to support the request for fees incurred in filing the Motion for Attorney's Fees; therefore, no award is made as to these fees.

     Mr. Leser also seeks to have any attorney fee award reduced to a judgment. Ms. Berridge again argues that no judgment may enter until the termination of the appeal of the case; as discussed above, the Court is unaware of any impediment to making an award of attorney fees and entering judgment as to that award. This motion, therefore, is granted.

**IT IS THEREFORE ORDERED**

(1) Petitioner Max Joseph Leser's Court on the Corrected Motion for Attorney's Fees (#**86**) is **GRANTED IN PART AND DENIED IN PART.** The motion is granted as to Mr. Leser's request for $1893.00 in attorney fees incurred in preparing a Response to Respondent's Motion to Stay. The motion is otherwise denied.

(2) Petitioner's Verified Motion for Entry of Judgment (#**83**) is **GRANTED.** The Clerk of the Court shall enter judgment in favor of Petitioner as to the attorney's fees award.

Dated this 20th day of October, 2011

                                          **BY THE COURT:**

*/s/ Marcia S. Krieger*

                                          Marcia S. Krieger
                                          United States District Judge